principle, and render it oppressive in its operation upon suitors, who claim the aid of the court in the assertion of their rights? The language of the law is certainly not free from difficulty. But it can hardly be supposed that the lawgiver intended that an officer of the court should be gratuitously compensated at the expense of a litigant. In this case it is not pretended that any services have been rendered, to entitle him to be paid the commission demanded. The law, I think, contemplated the presence of both the parties litigant in court, and the whole progress of the litigation short of the sale under the final decree; or it contemplated the possession of the property by the marshal, and the usual proceedings by advertisement, &c., under an interlocutory order of sale without the sale itself. It intended to provide an adequate compensation to the marshal for the trouble and responsibility he assumes up to the moment of sale, and to put it out of the power of litigants to deprive him of such compensation for the trouble and responsibility thus assumed, by a compromise or settlement before a sale under a final decree, or a sale under an interlocutory order of court. This, in my judgment, is the only fair and rational interpretation to be given to the provision of the act of congress referred to.

It is therefore ordered that the rule be discharged.

---

## Case No. 1,627.

### In re BONESTEEL.

[7 Blatchf. 175;[1] 3 N. B. R. 517 (Quarto, 127).]

Circuit Court, S. D. New York.　Feb. 25, 1870.

BANKRUPTCY — PROCEEDING BY ASSIGNEE TO RECOVER ASSETS.

Where a summary proceeding by petition, by an assignee in bankruptcy, against a third person, to recover assets claimed to belong to the bankrupt, had been entertained by the district court, and it had made a decree thereon in favor of the assignee, and the defendant petitioned this court, under the second section of the bankruptcy act of 1867, to review such decree, this court set aside such decree as founded on irregular proceedings, without costs to either party, and with leave to the assignee to file a bill in the usual way against the defendant.

[Cited in Re Ballou, Case No. 818; Voorhies v. Bonesteel, Id. 17,001; Goodenow v. Milliken, Id. 5,535; Knight v. Cheney, Id. 7,883; Barstow v. Peckham, Id. 1,064; Bradley v. Healey, Id. 1,781; Re Marter, Id. 9,143.]
[See In re Evans, Case No. 4,551.]

[In bankruptcy. Petition by Sophia H. Bonesteel, wife of John E. Bonesteel, a bankrupt, to review and set aside decree of the district court. Granted.]

NELSON, Circuit Justice. This is a petition by the wife of the bankrupt to review a decree [unreported] made by the district

court, adjudging, on a claim made by the assignee in bankruptcy, that she holds 1145 shares of the capital stock of a Nicholson Pavement Company in Brooklyn, which belong to her husband. The proceedings against her were by petition, in a summary way, by the assignee, to compel her to show cause why this stock should not be transferred to him. The stock is said to be of the value of $30,000.

I have, heretofore, held—In re Kerosene Oil Co. [Case No. 7,726]—that the suit by the assignee against a third person, to recover assets claimed to belong to the bankrupt, should be commenced by bill in equity or be a suit at law, under the second section of the bankruptcy act of 1867. This decision was made shortly before the question in this case, occurred. In that case, I directed that the petition should be amended and stand for a bill. In that case, however, the proceedings had not extended beyond that pleading. The application made in this case is, that this court will revise the decision made on petition by the court below. If the proceedings are to be regarded as founded on a bill in equity, such application could not be entertained, as the remedy in such a case could only be by an appeal under the 8th section of the act. As the proceedings in this case have not been reformed, as in the case referred to, and as the practice has been heretofore very much unsettled, and as, to hold now, in this case, that the remedy in this court is by an appeal and not by a petition of review, would, the time for taking an appeal having passed, preclude all relief, I think it will be best, and in furtherance of justice to all parties concerned, to set aside the decree of the court below, as founded on irregular proceedings, without costs to either party, and with leave to the assignee to file a bill in the usual way against Mrs. Bonesteel. By the case of In re Alexander [Case No. 160], before the chief justice, I understand this to be according to the true construction of the act: and, also, by a case before Mr. Justice Clifford.

[NOTE. For a subsequent decree, dismissing the assignee's bill in equity, see Voorhies v. Bonesteel, Case No. 17,001.]

---

## Case No. 1,628.

### In re BONESTEEL.

[2 N. B. R. 330 (Quarto, 106).][1]

District Court, S. D. New York.　Nov. 28, 1868.

BANKRUPTCY—EXAMINATION OF BANKRUPT.

A bankrupt must answer questions put to him in relation to property in which it is shown that he might possibly have an interest.

[Cited in Re Dole, Case No. 3,965.]
[See Ex parte Craig, Case No. 3,322; In re Clark, Id. 2,805.]

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

[1] [Reprinted by permission.]

I, Isaiah T. Williams, one of the registers of said court in bankruptcy, do hereby certify that in the course of the proceedings in said cause before me, the following question arose pertinent to the said proceedings, and was stated and agreed to by the counsel for the opposing parties, to wit: N. J. Butler, who appeared for the bankrupt, and Mr. F. J. McDonald, who appeared for John P. Faure, a creditor of the said bankrupt.

The facts are as follows: The counsel for the said creditor, upon an examination of the said bankrupt, has shown that a large interest in a certain incorporated company known as the "Nicholson Pavement Company of Brooklyn," had been transferred to the wife of the bankrupt, after his insolvency, by parties interested in the success of that company. It further appeared that the bankrupt had been, prior to the said transfer, engaged in a dry-goods commission business, upon capital furnished to his wife by her father, and that his family had been supported by the profits of such business, aided by a monthly allowance from the said father to said wife; and that some time before the said transfer of said interest to said wife, the said bankrupt had discontinued the said dry-goods commission business, and devoted his time to promoting the interests of said company, during which period his family were supported by the said wife from moneys furnished by her said father, and by him charged to her prospective portion of his estate as heir, or next of kin thereto. That the said services of the said bankrupt were, by the persons who so transferred the said interest, deemed to be of especial value to said company, by reason of the political and other influence of the kins-people of said wife. That the said kins-people had insisted that the said interest in said company should be so transferred to said wife, before they would exert any influence whatever favorable to the interests of said company. The bankrupt claims further, that the conveyance of the said interest to his wife was induced, to a great extent, by the friendly relations existing between the persons who so transferred the said interest, and his wife and himself, for many years past, and that said interest was, in fact, more a gift than a reward for any services performed by the bankrupt.

It is claimed, on the part of the creditor, that the said interest, in said company, of right belonged to the said bankrupt, and passed to the assignee under the deed from the register, and, for the purpose of establishing this position, he proposed to go into a minute examination of the whole matter. The whole examination of the bankrupt touching the said interest and the transfer thereof to his wife, was taken under a general objection of the bankrupt's counsel, founded upon the allegation that the bankrupt was not the owner of the interest in question, and the final refusal of the bankrupt to answer further touching said interest, accompanied by a motion to the register to strike out all the testimony in relation thereto, which motion was denied.

I understand the counsel for the bankrupt to take the ground that the interest in question was never the property of the bankrupt, and therefore the creditor has no right to inquire concerning the same.

The counsel for the creditor, on the contrary, insists that he has shown enough to entitle him to go into the matter, for the purpose of satisfying the court that the consideration for the interest in question flowed in part or wholly from the bankrupt, and that therefore the assignee is, to this extent at least, entitled thereto.

Entertaining no doubt whatever that it was the right of the creditor fully to sift the transaction, and show, if he should be able to show, that the transfer to the wife was a mere cover, or if not wholly that, then that the consideration for the same flowed in whole or in part from the bankrupt; thus establishing an equitable interest therein in the assignee, I directed the examination to continue, and the bankrupt to answer such questions concerning the same as might be pertinent to the end aforesaid. The bankrupt, however, refusing to so answer any further questions upon the subject, I hereby certify the case to this honorable court for decision.

BLATCHFORD, District Judge. The register was correct in his direction, and the bankrupt must answer the questions referred to.

[NOTE. Subsequently a decree was entered by the district court adjudging that the stock in the Nicholson Pavement Company held by the wife was the property of the bankrupt. This decree was set aside by the circuit court (In re Bonesteel, Case No. 1,627), and thereafter the assignee brought a bill in equity to recover the stock, which bill was dismissed. See Voorhies v. Bonesteel, Id. 17,001.]

BONESTEEL (PEREGO v.). See Cases Nos. 10,976 and 10,977.

BONESTEEL (VOORHIES v.). See Case No. 17,001.

## Case No. 1,629.

### BONHAM v. BOARD OF EDUCATION OF HARRISONVILLE.

[4 Dill. 156.][1]

Circuit Court, W. D. Missouri. 1877.

SCHOOL HOUSE BONDS — MISSOURI ACT OF MARCH 21, 1870 — LIABILITY TO SUIT.

Bonds issued under the act of the legislature of Missouri of March 21, 1870, for building school houses, and reciting that act as the authority for their issue, are prima facie valid; and the holder may sue thereon, and is not confined to the special remedy prescribed in the act.

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]